IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE EIB, | No. C 05-00147 CRB |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security | |
| Defendant. | |

Now before the Court is plaintiff's petition for fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. section 2412. Defendant concedes that plaintiff is entitled to an award of fees, but opposes a "special factors" fee enhancement. After careful review and consideration of the papers submitted, the Court hereby GRANTS plaintiff's petition, and awards a total of $8,883.31 in attorney's fees and costs.

## BACKGROUND

Plaintiff originally filed an application for Social Security benefits on January 14, 1999, alleging that she was unable to work due to periodic naseua, pain, loss of energy and diarrhea. These symptoms resulted from several procedures to remove and subsequently treat a benign tumor in her abdominal area, gastritis and more.

After several denials of her application, an administrative hearing was held before Administrative Law Judge ("ALJ") Charles Reite, on October 26, 1999. Following an

unfavorable decision, a request for review was granted which effectively vacated the decision and remanded the case to the ALJ for further proceedings. On May 22, 2003, a second hearing was held before ALJ Richard Wurdeman, who subsequently issued an unfavorable decision. The Appeals Council refused to further review the case, thereby triggering plaintiff's right to judicial review under 42 U.S.C. section 405(g). Plaintiff subsequently filed a civil action in this Court.

While the case was pending review by this Court, the parties stipulated to a remand with instructions for payment of benefits, both past and currently due, to the plaintiff.

## DISCUSSION

Plaintiff now petitions this Court for an award of attorney's fees, including an enhancement for "special factors," under 28 U.S.C. section 2412(d). Defendant concedes that the Social Security Commissioner's position was not substantially justified, and that as a result, plaintiff is entitled to attorney's fees based on the EAJA statutory cap of $125 per hour, adjusted for a cost of living increase to $151.07 per hour for 2004, and $155.47 per hour for 2005, for a total of $5,573.31.

Defendant, however, opposes the $3,310 "special factors" enhancement. Thus, the only question for the Court is whether special factors were present.

A.  Legal Standard

The EAJA provides that fees above the statutory cap should not be awarded unless the Court determines that "an increase in the cost of living, or a special factor," is present. 28 U.S.C. section 2412(d)(2)(A)(ii). In reference to special factors, "Congress intended for courts to deviate from the statutory cap only if there was limited availability of 'attorneys having some distinctive knowledge or skill needful for the litigation in question'" Pirus v. Bowen, 869 F.2d 536, 540 (9th Cir. 1989) (quoting Pierce v. Underwood, 487 U.S. 572 (1988)).

The Ninth Circuit has "established a three prong test" to determine whether a special factor justifies a higher fee. Al Jawad v. Barnhart, 370 F.Supp.2d 1077, 1089 (S.D. Cal. 2005). The plaintiff must show that (1) plaintiff's attorney has "developed a practice

2

1  specialty or possesses distinctive knowledge and skills," (2) these skills and/or knowledge
2  are "necessary to the litigation," and (3) "similar skills could not have been obtained at" the
3  statutory cap rate. Al Jawad, 370 F.Supp.2d at 1089 (citing Pirus, 859 F.2d at 541-42).

**B. Plaintiff's satisfaction of the "special factors" three prong test**

### i. Distinctive knowledge or skills

The Court finds the plaintiff has satisfied the first prong. Plaintiff's counsel, as a licensed physician, qualifies as possessing a distinctive knowledge and skill. Plaintiff's counsel is also one of the only practicing physicians in the United States acting as attorney for persons seeking judicial review of disability claims in federal court. He thus has an "identifiable practice specialty, such as patent law, or knowledge of a foreign law or language." Pierce, 487 U.S. 572.

### ii. Needful or necessary

The primary issue is the second prong: whether Dr. Michael Howard's distinctive knowledge and skills were "necessary" or "needful" for the litigation. Pierce 487 U.S. 572. Plaintiff and defendant agree that the case was remanded because of a legal error made by the ALJ in disregarding undisputed testimony of his own medical expert. However, defendant suggests that this fact alone means that Dr. Howard's skills and distinctive knowledge were not necessary or needful for the litigation. The Court disagrees. The Court finds that the reason this case reached federal court at all, and was finally remanded for payment of benefits, was because of plaintiff's counsel's medical expertise. The undisputed evidence shows that plaintiff's original attorney dropped the case, in part, based on his conclusion that plaintiff had no demonstrable objective disease to explain her symptoms, making her case too difficult to pursue at any level. Dr. Howard was able to recognize plaintiff's disease pattern as "classical dumping syndrome," and used his distinctive knowledge as a medical doctor to provide the medical justifications for a favorable decision. Counsel's expertise was "needful" and "necessary" to the litigation, because the case would never have even gotten off of the ground, but for plaintiff's counsel's expertise.

### iii. Skills and/or distinctive knowledge available at EAJA statutory cap

The Court also finds that counsel's unique skills and distinctive knowledge were not available at the statutory cap adjusted for inflation. It is undisputed that plaintiff's counsel is or was the lead attorney in 52 social security judicial review cases in federal court, while no other attorney in plaintiff's County of Mendocino has even a listed case; thus there is indeed a very limited availability of qualified attorneys to the plaintiff--if any--and none with counsel's medical background.

## C. Fee Enhancement

Plaintiff requests a $100 an hour fee enhancement based on the prevailing rate paid to attorneys in "similarly under-served jurisdictions." Since defendant concedes plaintiff's counsel's work time to be 33.1 hours, this fee enhancement will total $3,310. Defendant does not offer any evidence to disprove plaintiff's contention that this enhancement is in line with the market rate in Mendocino County, and the Court finds that the rates of $251.07 per hour in 2004 and $255.47 in 2005 are reasonable. Therefore, the Court awards the fee enhancement of $100 per hour based on special factors.

## CONCLUSION

For the foregoing reasons, the Court AWARDS plaintiff costs and fees pursuant to the EAJA in the total amount of $8,883.31, which includes a $100 an hour fee enhancement (for 33.1 hours), totaling $3,310.

**IT IS SO ORDERED.**

Dated: October 7, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\0147\ORDERforattyfees.wpd